UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

GARY MONBELLY (Plaintiff)   CIVIL ACTION NO. 2:23-CV-885

VERSUS   JUDGE

LOUISIANA WORKFORCE   MAGISTRATE JUDGE
COMMISSION, et al. (Defendant)

## COMPLAINT

1. Plaintiff Gary Monbelly brings this action forward seeking damages against Defendant the Louisiana Workforce Commission, and Ava Cates for Breach of its Fiduciary Duty.

2. Louisiana Revised Statute 23 – Labor and Worker's Compensation places a duty on the Commission and requires them to not only enforce all laws, but "to do all in his power to promote the voluntary conciliation of disputes between employers and employees to avoid the necessity of resorting to discriminations and legal proceedings in matters of employment." Mr. Monbelly asserts that the FMLA is included in the "enforce all laws" portion of Title 23.

3. And, because the Commission refused to uphold the provisions of Title 23, they allowed the employer to present false information and take intentional and malicious actions, which resulted in the plaintiff suffering unnecessary and foreseeable damages.

### Facts relevant to the Parties

4. Plaintiff Gary Monbelly is at all relevant times a citizen of the State of Louisiana.

5. Plaintiff Gary Monbelly is at all relevant times an employee or potential employee as it pertains to Louisiana state law.

6. Plaintiff is unaware as to the extent of involvement for each and every employee that may be involved, so the plaintiff will take all action to have occurred under their official capacity until otherwise known.

7. Plaintiff alleges, on information and belief, that Defendant Ava Cates is Secretary of the Louisiana Workforce Commission.

8. Plaintiff alleges, on information and belief, that Defendant Ava Cates is and was at all times relevant to this case the Secretary of the Louisiana Workforce Commission.

9. Plaintiff alleges, on information and belief, that Defendant the Louisiana Workforce Commission is the state agency responsible for handling workplace disputes, **All Workplace disputes**, concerning both state and federal laws.

## JURISDICTION AND VENUE

10. The Court has jurisdiction because the nature of the case involves federal labor laws such as The Family and Medical Act, and a 14th Amendment claim. The venue is proper pursuant to Louisiana Revised Statute 13:5104 (A). "All suits filed against an officer or employee of the state of Louisiana or any state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capital is located or in the district court having jurisdiction in the parish in which the cause of action arises."

## GENERAL FACTS

11. The Louisiana Workforce Commission was established July 1st, 1983. The Commission is the state agency charged with the responsibility of administrating the state's unemployment and

worker's compensation programs. As it pertains to the administration of the state's Unemployment Program, its codification is located at LA R.S. Title 23 (Labor and Worker's Compensation). The intent of the Louisiana Workforce Commission is to administer and enforce laws and programs designed to protect the economic and physical well-being of Louisiana's workforce.

12. In accordance with the statutory scheme, when an applicant files for benefits the state agency charged with the administration of such benefits, begins the process by determining whether the applicant qualifies. During the process, the Workforce Commission is charged with balancing the interest of all parties involved, that includes investigation of all allegations and allowing both parties to present evidence contrary to their position and to protect both parties from bad faith actors.

13. Gary filed for unemployment benefits on or around May 15th due to the plaintiff's employer cutting Gary's hours, however, once the scheduling issue was fixed, he stopped filing. After that Gary continued to have problems at work which led to him taking FMLA on or around July 17th in order to get away from the harassment.

14. Once Gary attempted to return to work in August of 2022, he realized that he was no longer employed, so he filed to reopen his claim in September of 2022. When Gary tried to return to work, he found out that he would not be allowed to return, and his employer stopped responding to his communication efforts. After the claim was reopened, he spoke with the agency and was determined to be ineligible because of false information provided by his employer, Universal Protection Services.

15. When Gary reopened his case for unemployment, he did so under the notion that he was being discriminated against. Gary and his employer split under hostile conditions and are currently going through a charge Gary filed with the EEOC. As it stands from the time of this writing, the EEOC has charged Universal Protection Services with constructive firing, amongst other things. All of this information was provided to the agency; however, they made the decision to ignore it and side with the employer, and by doing so acted as the arm of the employer and allowed them to continue their harassment of the plaintiff.

16. The actions of the Louisiana Workforce Commission were so one sided that they failed to realize they disqualified the plaintiff for a date he did not apply for. The plaintiff filed for August 15th, 2022, yet they were going by the date of July 19th, 2022. No matter what the plaintiff said, no matter if the evidence presented anything that failed to meet their narrative or attempt to disqualify the plaintiff was ignored, and not allowed to be presented as evidence.

17. When this application first went to the agency they requested information from the employer, and the employer gave them false information, stating that they split on good terms. When Gary was notified of such remarks, he immediately denied so and informed them of the EEOC complaint, and once they took this information to the employer they refused to comment on the separation. Instead of the agency investigating they decided to side with the employer and disqualified Gary. After that Gary appealed to the administrative judge who carried the same tune, they only sought to disqualify Gary, refusing to hear his claim and ignoring any evidence brought forward, and after he was disqualified with the judge, he then brought the process to the Review Board. The review carried the same tune and limited the scope of the review to only making sure that the plaintiff was given a shot, not a fair shot, just any shot. It goes to say that even if the judge was racist, they would not have reconsidered his case.

18. On Gary's final attempt before he was to file a review with the local court, he sent a letter to Ava Cates. Ava Cates is the appointed Secretary of the Louisiana Workforce Commission. Although the first letters he sent to her office did not help, the final letter seemed to solve the problem, he was contacted and told that his case was reconsidered. As a result, he was then found to be qualified, however, Gary does not believe it was because the process they are using turned out in his favor.

19. Gary believes the only reason he was found to be qualified after 4 months was the rationalization that they may have given him the standing to sue, and although they have corrected the injustice the damage is done, and the subject is not moot. The harm that was caused by their actions has not been corrected.

Facts relevant to the Family and Medical Leave Act

20. The Louisiana Workforce Commission holds a duty to enforce the provisions of the Family and Medical Leave Act. The duty is inferred from Louisiana Revised Statute under Powers and Duties. Under that provision, it requires that the Commission determine, integrate, and/or implement, applicable state and federal laws relevant to its controlling purpose, as mentioned under GENERAL FACTS.

21. The FMLA grants protections to employees and prohibits employers from interfering with the exercise of FMLA rights. According to the Department of Labor, "Employees who use FMLA leave have the right to go back to work at their same job or to an equivalent job that has the same pay, benefits, and other terms and conditions of employment at the end of their FMLA leave."

22. The plaintiff Gary Monbelly made the attempt to return to work in mid-August of 2022. He was not allowed to return. He was told they had a conversation, and they came to a decision that he would not be allowed back. There was no reason provided as to why. Mr. Monbelly made it clear to the Commission, and the Commission is well aware that the split between Mr. Monbelly and his employer was not on mutual terms.

Facts relevant to the Injury

23. The Louisiana Workforce Commission is responsible for the continued damages Mr. Monbelly has suffered. Because the Commission has refused to hold Gary's employer accountable, causing Mr. Monbelly to suffer economic and, noneconomical damages, and the loss of ability to redress any grievances. And while the employer may have caused the injury, the severity or extent to which it has gone is the fault of the safeguards for failing to intervene. Their refusal to act allowed the problems to compound and snowball out of control. Something that should have only been minimal and easy to fix is now going to take quite a bit to remedy.

24. The harm as it pertains to monetary damages are but not limited to:

   1. The loss of income
   2. The loss of earning potential
   3. The loss of savings
   4. The loss of business opportunities
   5. The incurring of unnecessary debt.

25. Gary has also experienced non-economic loss:

   1. A reduced quality of life

    2. Pain and suffering

26. Gary is also making a claim for punitive damages.

27. The basis of the claim for punitive damages comes from the behavior and conduct of the employees. Mr. Monbelly claims that their actions were one-sided and that they had no intention of actually adjudicating the case, and that only Ava Cates, the Secretary for the Workforce Commission, made an attempt to solve the issue when it was brought to her. The other employees showed a brazen disregard for the law and the administrative process, they dismissed any question of law that was brought to them. For example, it was brought to the intention of the review board that they were given false information which influenced their decision, instead of them requesting clarification they choose to simply do nothing and accept things as they are leaving Mr. Monbelly with no other recourse.

## FIRST CAUSE OF ACTION

**(Breach of Fiduciary Duty)**

Negligence Per Se

28. The Louisiana RS Title 23 – Labor and Worker's Compensation places a fiduciary duty on to the Louisiana Workforce Commission. Specifically, Section 23:6 – Powers and Duties states that in addition to any other powers and duties which may be conferred upon the secretary by law, he shall: (13) Enforce all labor laws; and (14) Do all in his power to promote the voluntary conciliation of disputes between employers and employees to avoid the necessity of resorting to discriminations and legal proceedings in matters of employment.

29. These particular laws suggest that the creators of this law foresaw potential injury and sought to prevent this type of injury.

30. The commission violated this standard when they refused to comply with both of the laws mentioned above.

## SECOND CAUSE OF ACTION

**(Breach: Duty of Care)**

Negligence

31. The Commission's negligence goes beyond just that of a statutory duty. The Commission owes a duty of care, and because of improper policies and practices the Commission failed at that duty.

32. For instance, the fact that they believe that it is an appropriate practice to allow employers to provide false information and not investigate has nothing to do with a statutory requirement, it is the fault of Ava Cates for allowing such conduct.

33. Employees suffer with such policies and practices; it allows large companies to harass employees and intentionally create hardship.

34. The Commission is at fault, whether that be in part or in whole. The Commission breaches its duty when it fails to act in good faith. Defendant utilized only policies, practices, and laws that would negatively affect Mr. Monbelly.

35. The Commission puts the burden on the employee and from the start employees fight an impossible battle.

## THIRD CAUSE OF ACTION

## (Violation of Procedural Due Process)

## (14th Amendment)

36. Mr. Monbelly claims that the Commission denied him equal protection of law, when they applied the provisions of Louisiana Revised Statute 23 – Labor and Worker's Compensation most favorable to the employer.

37. During the investigation process Mr. Monbelly was subjected to the arbitrary whims of the Commission. For example, the reading of evidence. When Mr. Monbelly filed for the unemployment benefits, he made the claim that it was due to hostile conditions at work, and he was constructively discharged and not allowed to return. Section 23:1601(1)(a) states that an individual shall be disqualified for benefits if the administrator finds that he has left his employment from a base period or subsequent employer without good cause attributable to a substantial change made to the employment by the employer.

38. The Commission only focuses on the fact that Gary went on FMLA, not why, and not the fact that he attempted to return to work and was not allowed to, not the fact that the employer refused to give them information as to the separation when Mr. Monbelly refuted the reason for separation.

39. Mr. Monbelly is left with no ability to defend or enforce his ability to work.

## PRAYER FOR RELIEF

40. Plaintiff Gary Monbelly prays this Court:

A. Plaintiff Gary Monbelly request monetary relief in the sum of 20 million dollars. The 20,000,000 dollars asking mostly comes from Mr. Monbelly's request for punitive damages. Mr. Monbelly is seeking to provide The Louisiana Workforce Commission with enough of a reason to take the citizens seriously. Mr. Monbelly claims that The Commission disregards the opinions of employees seeking unemployment because most employees do not have the knowledge, patience or resources to fight the Commission or the Employer. Mr. Monbelly believes that there should be a class action lawsuit taken against them, because their actions seem too normal to be limited to a couple of agents of the Commission. It seems to be a systematic failure of policies and practices.

B. Grant judgement in favor of the plaintiff Gary Monbelly and declare that The Commission's actions, policies, and practices, as alleged in this complaint, violates the provisions Louisiana Revised Statute Title 23.

C. Order the Commission to provide training on the provisions of Title 23 to its employees.

D. Order the Commission to provide training on the duty of care owed to the employees or potential employees.

E. Award monetary damages, including compensatory damages for emotional distress and other injuries, to Mr. Monbelly aggrieved by the Commission's actions or failure to act. Such as, job relocation cost. Mr. Monbelly has been exposed to employers and is unlikely to find a job in his Parish as it pertains to security jobs.

F. Order such other appropriate relief as the interests of the employee may be protected. Such as, an audit as to the range of the employees that may have been denied benefits unjustly, even if not to make them whole but to stop future damage.

G. Compel the Louisiana Workforce Commission to investigate and provide conclusions and a fact-finding report.

Jury trial requested,

Gary M.

Gary Manbelly
208 West Hale St
Lake Charles, LA
70601-8421
# 337 419-7488